UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TORRENCE HARRIS, SR.,

        Petitioner,

v.                                        Case No. 24-cv-453-pp

UNITED STATES OF AMERICA,

        Respondent.

**ORDER SCREENING §2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE (DKT. NO. 1)**

On April 15, 2024, the petitioner filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255, challenging his conviction in United States v. Harris *et al.*, Case No. 17-cr-175 (E.D. Wis.). Dkt. No. 1.[1] The petitioner asserts that his attorney did not file motions to suppress wiretap evidence, amounting to ineffective assistance under Strickland v. Washington, 466 U.S. 668 (1984), in violation of his Sixth Amendment right to counsel. Dkt. No. 1 at 4. The motion also asserts that the wiretap evidence was the product of an improper search and seizure under the Fourth Amendment because the wiretap was supported by affidavits containing "material misstatements and omissions." Id. at 5. This order screens the motion under Rule 4 of the Rules Governing Section 2255 Cases. Because it does not plainly appear from the

---

[1] On July 23, 2024, the court received from the petitioner another, substantially identical motion with minor typographical differences; the petitioner was under the impression that the original motion had been "lost in the mailing transit process." Based on that motion, the clerk's office opened a second case. Harris v. United States, Case No. 24-cv-931 (E.D. Wis.). The court dismissed that case as duplicative of this case. Id. at Dkt. No. 4.

1

face of the petition that the petitioner is not entitled to relief, the court will order the respondent to answer or otherwise respond.

**I.      Background**

   A.      Underlying Case

On October 17, 2017, the grand jury charged the petitioner and eleven other defendants in a thirty-four-count indictment. United States v. Harris *et al.*, Case No. 17-cr-175 (E.D. Wis.), Dkt. No. 98. The indictment named the petitioner in eight counts: Count One (conspiracy to possess with intent to distribute and to distribute controlled substances—heroin, fentanyl and cocaine—in violation of 21 U.S.C. §§846 and 841(b)(1)(B)); Counts Five through Eight and Count Eleven (knowing distribution of heroin in violation of 21 U.S.C. §§841(a)(1) and 941(b)(1)(C)); Count Twenty-Seven (knowingly and intentionally possessing with intent to distribute heroin and fentanyl in violation of 21 U.S.C. §§841(a)(1) and 941(b)(1)(B)); and Count Thirty (being a prohibited person in possession of a firearm in violation of 18 U.S.C. §922(g)(1)). Id.

Two years later, on November 5, 2019, the grand jury returned a superseding indictment charging the defendant and only three others. Id., Dkt. No. 303. The superseding indictment contained twenty-seven counts, although the defendant was subject to the same charges as those he'd been charged with in the original indictment—the drug conspiracy in Count One, five substantive heroin possession counts (Counts Four through Seven and Count Ten), one substantive count of possession with intent to distribute heroin and fentanyl (Count Twenty-Five) and one count of being a prohibited person in possession of a firearm (Count Twenty-Six). Id.

The defendant was not arrested until May 29, 2020. Id., Dkt. No. 621. Shortly after his arrest, Attorney Mark D. Richards filed a notice of appearance on the defendant's behalf. Id., Dkt. No. 395. Magistrate Judge William E. Duffin set the deadline for filing pretrial motions for October 1, 2020. Id., Dkt. No. 409. On that deadline, Attorney Richards filed on the defendant's behalf a motion to suppress illegally obtained surveillance footage. Id., Dkt. No. 462. Judge Duffin recommended that this court deny the motion, id., dkt. no. 482, and the court adopted that recommendation and denied the motion on January 27, 2021, id., dkt. no. 491.

On March 2, 2021, the petitioner, represented by Attorney Richards, signed a plea agreement. Id., Dkt. No. 509 at 17. The defendant agreed to plead guilty to Count One of the superseding indictment, which charged him with conspiring to possess with intent to distribute heroin, fentanyl and cocaine. Id. at ¶4. In the plea agreement, the petitioner acknowledged that he "ha[d] read and fully underst[ood] the charges contained in the superseding indictment. He fully underst[ood] the nature and elements of the crimes with which he ha[d] been charged, and those charges and the terms and conditions of the plea agreement ha[d] been fully explained to him by his attorney," and that he voluntarily agreed to plead guilty to a violation of 21 U.S.C. §841(a)(1). Id. at ¶3-4. In the waiver of rights section of the plea agreement, the petitioner acknowledged that "he surrenders any claims he may have raised in any pretrial motion." Id. at ¶31. The last paragraph of the plea agreement—titled "voluntariness of defendant's plea"—states that:

> The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this

3

agreement, to induce the defendant to plead guilty. Id. at ¶41. On the signature page, the petitioner acknowledged the following:

> I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Id. at 17. The petitioner's attorney also acknowledged that "I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one." Id.

The court held a change-of-plea hearing on April 20, 2021. Id., Dkt. No. 520. The court conducted a plea colloquy to confirm that the petitioner's plea was knowing and voluntary. At the hearing, the court confirmed that the petitioner signed the plea agreement on March 2, 2021 and that his attorney had reviewed and explained the agreement to the petitioner. Id., Dkt. No. 579 at 11–12. The petitioner confirmed he had enough time to ask his attorney questions regarding the plea agreement and the waiver of certain constitutional rights and confirmed that he was "satisfied" with his attorney's representation. Id. at 12. At the end of the hearing, the court made the following findings:

> I do find, based on the answers that you've given me today, that you're entering your plea knowingly, voluntarily, and intelligently; that you understand the rights you have and what it means to give them up; that the government has the evidence to prove the charge if the case were to go to trial; and that you're pleading guilty because you are guilty of the facts alleged in the indictment. I also find that you understand the maximum possible penalties, the mandatory minimum penalty, and the uncertainty of how your own penalty might be calculated. I conclude that you're pleading guilty because

4

you are guilty and that you've had the assistance of able counsel in reaching this decision.

Id. at 44–45.

The court scheduled a sentencing hearing for July 14, 2021. Id. On July 8, 2021—about a week before the scheduled sentencing hearing—the court received a letter from the defendant. Id., Dkt. No. 559. The letter asked that Attorney Richards be removed from the defendant's case, alleging that Attorney Richards had "misled" the defendant regarding a "vital" portion of his defense. Id. On July 12, 2021, the court issued an order granting that motion. Id., Dkt. No. 563.

On July 15, 2021, Attorney Eric Maciolek appeared on the defendant's behalf. Id., Dkt. No. 564. After filing several status reports, Attorney Maciolek filed a motion to withdraw. Id., Dkt. No. 587. Four days later, the court received from the defendant a letter, alleging that Attorney Maciolek had sabotaged his case and advising the court that he would be hiring an attorney to succeed Attorney Maciolek. Id., Dkt. No. 591. The court granted Attorney Maciolek's motion to withdraw and gave the defendant time to find a retained attorney. Id., Dkt. No. 592.

On February 25, 2022, Attorney Chris Donovan filed a notice of appearance for the defendant. Id., Dkt. No. 617. Attorney Donovan represented the defendant at the March 16, 2023 sentencing hearing. Id., Dkt. No. 644. The court sentenced the petitioner to 144 months of imprisonment with credit for time served, to be followed by four years of supervised release. Id., Dkt. No. 644.[2] The court entered judgment on March 28, 2023. Id., Dkt. No. 645. The petitioner did not file an appeal.

---

[2] The court calculated the defendant's sentencing guidelines as an adjusted offense level of 33 in criminal history category VI, which resulted in an advisory

5

B. Petitioner's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. §2255 (Dkt. No. 1)

About twelve months after the sentencing hearing, the petitioner filed this motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255. Harris v. United States, Case No. 24-cv-453, Dkt. No. 1. As noted, he raises both ineffective assistance of counsel claims and Fourth Amendment claims in his motion. Id. at 4–5.

## II. Analysis

A. Standard

In a §2255 proceeding, the court must first review—or "screen"—the motion. Rule 4 of the Rules Governing Section 2255 Proceedings provides that:

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A petitioner seeking relief under §2255 must allege either that his sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded the maximum authorized by law or that the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255(a). At the screening stage, the court considers whether the petitioner has raised claims that can be adjudicated in a §2255 proceeding, whether the

---

sentencing range of 235 to 293 months (19 years 2 months to 24 years 5 months). United States v. Harris et al., Case No. 17-cr-175 (E.D. Wis.), Dkt. No. 644 at 2. The government recommended a sentence of 180 months (15 years), while the defense recommended a sentence of 96 to 108 months (8 to 9 years). Id.

6

petitioner has exhausted his claims and whether he filed the motion within the limitations period.

B.     Cognizable Claims

The petitioner asserts that his attorney provided ineffective assistance of counsel. The motion asserts that the petitioner's attorney "failed to file meritorious suppression motion that would have resulted in all of the evidence obtained from the wire-taps to be suppressed," and he argues that this amounted to ineffective assistance of counsel in violation of his Sixth Amendment rights. Dkt. No. 1 at 4. The petitioner also argues that the wiretap evidence itself was inadmissible because law enforcement obtained it in an illegal search and seizure in violation of the Fourth Amendment. Id. at 5. Normally, the petitioner's plea agreement would bar such a claim because in that agreement, he surrendered any claims he may have raised in pretrial motions. See United States v. Lombardo, 24 F. App'x 577, 578–79 (7th Cir. 2001) (denying ineffective assistance of counsel claim based on failure to file pretrial motions where "[i]n the plea agreement, however, Lombardo acknowledged that by pleading guilty he was waiving any claims that he could have raised via pretrial motion"). But the petitioner alleges that his counsel "induc[ed] petitioner's guilty plea based on faulty and erroneous legal advice." Dkt. No. 5 at 6. He contends that his guilty plea was not voluntary and that he would not have entered a guilty plea absent his counsel's "faulty legal advice" regarding the merits of the proposed suppression motion. Id. at 5–6. A petitioner may raise an ineffective assistance of counsel claim relating "specifically to the voluntariness of the waiver itself." Bridgeman v. United States, 229 F.3d 589 (7th Cir. 2000); see also Blacharski v. United States, 215 F.3d 792, 793–94 (7th Cir.2000) (petitioner was free to challenge validity of plea

7

agreement even where he waived his right to challenge his sentence). The petitioner's ineffective assistance of counsel claim is cognizable on *habeas* review to the extent it challenges the voluntariness of the waiver in his plea agreement of his right to file pretrial motions.

Although this claim generally is cognizable on federal *habeas* review, the petitioner may proceed only on claims that are timely and not procedurally defaulted.

C. Procedural Default

For a claim to be cognizable under §2255, the petitioner must have raised the claim on direct appeal; "[a]ny claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted." Delatorre v. United States, 847 F.3d 837, 843 (7th Cir. 2017) (citing Hale v. United States, 710 F.3d 711, 713-14 (7th Cir. 2013)). The Seventh Circuit, however, generally allows a petitioner to raise an ineffective assistance of counsel claim for the first time in a §2255 motion "regardless of whether the petitioner could have raised the claim on direct appeal." Id. at 845 (quoting Gaylord v. United States, 829 F.3d 500, 506 (7th Cir. 2016)). Even though he did not appeal, the court concludes that the petitioner is not barred from raising his ineffective assistance of counsel claim for the first time in a §2255 motion.

The court has recounted that the petitioner's §2255 motion also contains a Fourth Amendment claim; he argues that the wire tap evidence was illegally obtained. Because he did not appeal, the petitioner appears to have procedurally defaulted that argument. That said, procedural default "is an affirmative defense that the State is obligated to raise and preserve, and consequently one that it can waive." Perruquet v. Briley, 390 F.3d 505, 515

8

(7th Cir. 2004) (citations omitted). The court will allow the petitioner to proceed on his claims, but the respondent is not barred from raising procedural default if it chooses to do so.

    D.    <u>Timeliness</u>

The court has concerns about the timeliness of the petitioner's motion. A petitioner has one year to file a 28 U.S.C. §2255 motion. The one-year period begins on the latest of the date the judgment of conviction became final; the date on which any impediment to making a motion was removed, if the movant was prevented from filing his motion by government action; the date on which the right the petitioner asserts was recognized by the Supreme Court, if it is a newly recognized right made retroactively applicable to cases on collateral review; or the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence. 28 U.S.C. §2255(f).

The court entered judgement in the petitioner's underlying criminal case on March 28, 2023. The petitioner did not appeal his conviction, so the judgment became final fourteen days later, on April 11, 2023. 28 U.S.C. §2255(f)(1); Fed. R. App. P. 4(b)(1)(A). The petitioner filed his petition on April 15, 2024 so it does not appear that he filed within one year of the date the judgment became final. But the petitioner also submitted a letter from the Unit Manager at the Federal Correctional Institution stating that the petitioner was in transit status and without his property for some time during the limitation period. Dkt. No. 1-1. Because the statute of limitation is an affirmative defense that the respondent must raise (and the petitioner may oppose by arguing for equitable tolling), the court cannot deny the petition on timeliness grounds at this stage.

9

### III. Conclusion

The court **ORDERS** that the petitioner may proceed on the grounds stated in his motion to vacate, set aside or correct sentence under 28 U.S.C. §2255. Dkt. No. 1.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2255 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of [his/her] petition;

(2) the respondent has forty-five days after the petitioner files [his/her] initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if [he/she (not capitalized)] chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files [his/her] opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Dated in Milwaukee, Wisconsin this 2nd day of December, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**